# Supreme Court of Florida

_____

No. SC18-118

_____

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE — 2018 REGULAR-CYCLE REPORT.

October 4, 2018
**<u>REVISED OPINION</u>**

PER CURIAM.

Consistent with the order entered in this case on October 4, 2018, the

opinion dated July 19, 2018, is withdrawn and the following revised opinion is

substituted in its place.[1]

The Florida Bar's Criminal Procedure Rules Committee (Committee) has

filed its regular-cycle report of proposed amendments to the Florida Rules of

---

1. We issue this revised opinion in response to the Motion for Rehearing and Clarification and Notice of Scrivener's Error filed by the Criminal Procedure Rules Committee, requesting that the Court revise the amendment to rule 3.691 based on the Committee's mistaken proposal, and need to clarify that rules 3.172, 3.986, and 3.989 presented technical amendments which were not reflected in the Court's earlier opinion.

Criminal Procedure, in accord with Florida Rule of Judicial Administration 2.140(b). We have jurisdiction[2] and adopt the amendments as discussed below.

## BACKGROUND

The Committee proposes amending the following rules and forms: 3.010 (Scope); 3.025 (State and Prosecuting Attorney Defined); 3.030 (Service and Filing of Pleadings, Papers, and Documents); 3.130 (First Appearance); 3.131 (Pretrial Release); 3.172 (Acceptance of Guilty or Nolo Contendere Plea); 3.180 (Presence of Defendant); 3.190 (Pretrial Motions); 3.191 (Speedy Trial); 3.203 (Defendant's Intellectual Disability as a Bar to Imposition of the Death Penalty); 3.213 (Continuing Incompetency to Proceed, Except Incompetency to Proceed with Sentencing: Disposition); 3.217 (Judgment of Not Guilty by Reason of Insanity: Disposition of Defendant); 3.218 (Commitment of a Defendant Found Not Guilty by Reason of Insanity); 3.219 (Conditional Release); 3.220 (Discovery); 3.240 (Change of Venue); 3.330 (Determination of Challenge for Cause); 3.470 (Proceedings on Sealed Verdict); 3.590 (Time for and Method of Making Motions; Procedure; Custody Pending Hearing); 3.600 (Grounds for New Trial); 3.610 (Motion for Arrest of Judgment; Grounds); 3.691 (Post-Trial Release); 3.692 (Petition to Seal or Expunge); 3.704 (The Criminal Punishment

---

2. *See* art. V, § 2(a), Fla. Const.

Code); 3.710 (Presentence Report); 3.770 (Procedure When Pregnancy is Alleged as Cause For Not Pronouncing Death Sentence); 3.810 (Commitment of Defendant; Duty of Sheriff); 3.850 (Motion to Vacate, Set Aside, or Correct Sentence); 3.986(c) (Forms Related to Judgment and Sentence; Form for Charges, Costs, and Fees); 3.986(d) (Forms Related to Judgment and Sentence; Form for Sentencing); 3.986(e) (Forms Related to Judgment and Sentence; Form for Order of Probation); 3.986(f) (Forms Related to Judgment and Sentence; Form for Community Control); 3.986(g) (Forms Related to Judgment and Sentence; Form for Restitution Order); 3.989(a) (Affidavit, Petition, and Order to Expunge or Seal Forms; Affidavit in Support of Petition); 3.989(b) (Affidavit, Petition, and Order to Expunge or Seal Forms; Order to Expunge); 3.989(c) (Affidavit, Petition, and Order to Expunge or Seal Forms; Order to Seal); 3.989(d) (Affidavit, Petition, and Order to Expunge or Seal Forms; Petition to Expunge or Seal); 3.989(e) (Affidavit, Petition, and Order to Expunge or Seal Forms; Petition to Expunge; Human Trafficking Victim); 3.989(f) (Affidavit in Support of Petition; Human Trafficking Victim); and 3.989(g) (Affidavit, Petition, and Order to Expunge or Seal Forms; Order to Expunge; Human Trafficking Victim).[3] In addition, new rule 3.9876

---

3. The Committee originally proposed amending rule 3.111 (Providing Counsel to Indigents). However, upon concerns raised by the Committee's clerk representatives pertaining to that proposal, the Committee requested that the Court withdraw the proposal to amend rule 3.111. By this opinion we grant that request.

(Motion for Correction of Sentence) is proposed. Following the filing of the report and the Court's publication of the proposals in *The Florida Bar News*, comments were filed by the Florida Public Defender Association (FPDA) and Public Defender Blaise Trettis.

After reviewing the Committee's proposals and considering the comments filed and the Committee's response thereto, we adopt the proposed amendments to rules 3.010, 3.025, 3.030, 3.131, 3.180, 3.190, 3.191, 3.203, 3.213, 3.217, 3.218, 3.219, 3.220, 3.240, 3.330, 3.470, 3.590, 3.600, 3.610, 3.691, 3.692, 3.704, 3.710, 3.770, 3.810, 3.850, 3.986, 3.9876, and 3.989. With modification, we also adopt the proposed amendments to rules 3.130 and 3.172. The notable changes to the rules are summarized below.

## AMENDMENTS

The Committee proposes amending rule 3.130 (First Appearance) in pertinent part, to add new subdivision (b)(2) (Advice to Defendant; Use of Video Recording to Provide Notice of Rights), to require that the judge confirm that defendants, if advised of their rights by a pre-recorded video, had an opportunity to view and understand the rights explained in the video recording. Based upon the comment by the FPDA, however, we modify the Committee's proposal to provide as follows: "If the defendant was advised of the rights listed in subdivisions (b)(1)(A)-(b)(1)(C) by pre-recorded video, the judge shall confirm separately with

each individual defendant that such defendant had an opportunity to view and understands the rights explained in the video recording." As modified, greater personal interaction between the judge and each individual defendant will be encouraged.

Subdivision (k) (Summons on Misdemeanor Charge) of rule 3.131 (Pretrial Release) is amended to require that the summons state "the title of the hearing to be conducted" after "the nature of the offense." This change will assist defendants who may have multiple cases that are proceeding know the type of hearing for which he or she is summoned.

The Committee proposes amending subdivision (c)(7) (Determination of Voluntariness; Terms of Plea Agreement) of rule 3.172 (Acceptance of Guilty or Nolo Contendere Plea), to require that the terms of the plea agreement include the amount of time credited for time previously served and an explanation to the defendant that any credit for time served not included in the time specified would be a waiver of the defendant's right to such credit. While the Committee's proposal was based upon a referral from the Court that the Committee "propose language adding a provision to subdivision (c) concerning the trial court advising the defendant on the issue of credit for time served when determining the voluntariness of a plea of guilty or nolo contendere," we decline to amend rule 3.172 as proposed. Instead, we agree with the comment from the FPDA that

unintended consequences of the amendment may include impairment of plea bargaining, uninformed waivers, conflict with precedent, and an increase of judicial labor. However, technical changes to rule 3.172 are made.

Rule 3.180 (Presence of Defendant) is amended to resolve a conflict between rule 3.130 (First Appearance) and rule 3.180, by permitting a defendant to appear at the first appearance either physically or by electronic audiovisual device, as contemplated under rule 3.130.

Rule 3.191(l)(5) (Speedy Trial) is amended to correct the conjunction from "and" to "or" in the list of "exceptional circumstances" for which the trial court may order an extension of the time period for bringing a defendant to trial, as the trial court does not have to find more than one circumstance to grant an extension.

In regard to rule 3.213 (Continuing Incompetency to Proceed, Except Incompetency to Proceed with Sentencing: Disposition), the Committee originally proposed numerous changes. Following the comment by the FPDA, however, the Committee revised its proposal to amend rule 3.213 in its entirety. As amended, rule 3.213 is reorganized for clarity, to make it easier to determine the dismissal schedule within the rule. In addition, new subdivision (a)(3) (Dismissal without Prejudice during Continuing Incompetency) adds the provision for dismissal after three years if the charge is not listed in section 916.145(1), Florida Statutes (Dismissal of charges), as enacted in chapter 2016-135, section 3, Laws of Florida.

In addition to technical changes to rule 3.704 (The Criminal Punishment Code), new subdivisions (d)(24)(A)-(d)(24)(B) are added in response to chapter 2014-4, Laws of Florida, which amended section 921.0024, Florida Statutes, to provide that sentence points be multiplied by 2.0 for specified sex offenses committed by an adult upon a minor under certain circumstances, unless application of the multiplier results in the lowest permissible sentence exceeding the statutory maximum.

Rule 3.710(a) (Presentence Report; Cases in Which Court Has Discretion) is amended to clarify the rule by adding that, in addition to probation, a statutorily required mandatory minimum sentence may be imposed without a presentence investigation upon a defendant found guilty of a first felony offense or found guilty of a felony while under the age of eighteen. In addition, the term "shall" is replaced by "may," because the sentence of probation or mandatory minimum is discretionary. Lastly, the language added to the end of subdivision (a), "The requirements of this subdivision are not applicable to a subsequent violation of probation proceeding," is based upon *Barber v. State*, 293 So. 2d 710 (Fla. 1974).

Rule 3.986 (Forms Related to Judgment and Sentence) is amended to simplify the rule by deleting the lists of costs, special provisions, and general provisions, and to require the court to insert these items. Following are changes to specific provisions of the rule. Under subdivision (c) (Form for Charges, Costs,

and Fees), the checklist of charges/costs/fees is deleted and is replaced with the following directive: "[Insert list of mandatory fines, discretionary fines, and restitution, if any.]" In subdivision (d) (Form for Sentencing), the list of special provisions is deleted and instead is replaced with the following: "[Include all findings, sentencing enhancements, and mandatory minimum provisions, as authorized by law and pronounced at sentencing.]" A number of changes are made to subdivision (e) (Form for Order of Probation). First, the checklist of conditions of probation and special conditions is deleted, and is replaced with "GENERAL CONDITIONS: [List the general conditions of probation pursuant to section 948.03, Florida Statutes.]" and "SPECIAL CONDITIONS: [List the special conditions of probation as orally pronounced and authorized by law.]" In addition, below the space for "Other," the paragraph pertaining to rescinding or modifying any of the conditions of probation is modified. Also, we delete the sentence "(This paragraph applies only if section 1 or section 2 is checked.)" under subdivision (e). Last, in subdivision (g) (Form for Restitution Order), the checklist of restitution options is deleted and replaced by the text "[Include all restitution and findings, as authorized by law and pronounced at sentencing.]."

Finally, we adopt a new form, rule 3.9876 (Motion for Correction of Sentence), which was suggested to the Committee by the Florida Supreme Court Criminal Court Steering Committee. The new form pertains to rule 3.800(a)

- 8 -

motions, including those for correction of an illegal sentence, an incorrect sentencing scoresheet, or an erroneous sexual predator designation. The form is written in a "question-and-answer format," similar to the format previously approved by the Court for rule 3.9875 (Motion for Jail Credit). *See In re Amendments to Fla. Rules of Crim. Pro.*, 185 So. 3d 1169 (Fla. 2015).

## CONCLUSION

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2019, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Sheila Ann Loizos, Chair, Jacksonville, Florida, Judge Jon Berkley Morgan, Past Chair, Criminal Procedure Rules Committee, Kissimmee, Florida, Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Blaise Trettis, Public Defender, Eighteenth Judicial Circuit, Viera, Florida; Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami Florida,

Responding with Comments

# APPENDIX

**RULE 3.010.**     **SCOPE**

These rules shall govern the procedure in all criminal proceedings in state courts including proceedings involving direct and indirect criminal contempt, proceedings under rule 3.850, and ~~vehicular and pedestrian~~criminal traffic offenses ~~insofar~~ as provided~~these rules are made applicable~~ by section III, ~~the~~ Florida Rules of ~~Practice and Procedure for~~ Traffic Court~~s~~. These rules shall not apply to direct or indirect criminal contempt of a court acting in any appellate capacity. These rules shall not apply to rules 3.811 and 3.812. These rules shall be known as the Florida Rules of Criminal Procedure and may be cited as Fla. R. Crim. P.

**Committee Notes**

[No Changes]

**RULE 3.025.**     **STATE AND PROSECUTING ATTORNEY DEFINED**

Whenever the terms "state," "state attorney," "prosecutor," "prosecution," "prosecuting officer," or "prosecuting attorney" are used in these rules, they shall be construed to mean the prosecuting authority representing the ~~s~~State of Florida.

**Committee Notes**

[No Changes]

**RULE 3.030.**     **SERVICE AND FILING OF PLEADINGS, ~~PAPERS,~~ AND DOCUMENTS**

**(a)**     **Service.** Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar document shall be served on each party in conformity with Florida Rule of Judicial Administration 2.516.~~; however, n~~ Nothing herein shall be construed to require ~~that~~ a plea of not guilty ~~shall~~ be in writing.

**(b)** **Filing.** ~~All documents that are "court records" as defined in the Florida Rules of Judicial Administration must be filed with the clerk in accordance~~Filings of all pleadings and documents shall comply with Florida Rules of Judicial Administration ~~2.520~~2.505, 2.515, and 2.525.

**(c)** **[No Changes]**

**Committee Notes**

[No Changes]

## RULE 3.130.　　FIRST APPEARANCE

**(a)** **Prompt First Appearance.** Except when previously released in a lawful manner, every arrested person shall be taken before a ~~judicial officer~~judge, either in person or by electronic audiovisual device in the discretion of the court, within 24 hours of arrest. In the case of a child in the custody of juvenile authorities, against whom an information or indictment has been filed, the child shall be taken for a first appearance hearing within 24 hours of the filing of the information or indictment. The chief judge of the circuit for each county within the circuit shall designate 1 or more ~~judicial officers~~judges from the circuit court, or county court, to be available for the first appearance and proceedings. The state attorney or an assistant state attorney and public defender or an assistant public defender shall attend the first appearance proceeding either in person or by other electronic means. First appearance hearings shall be held with adequate notice to the public defender and state attorney.  An official record of the proceedings shall be maintained.  If the defendant has retained counsel or expresses a desire to and is financially able, the attendance of the public defender or assistant public defender is not required at the first appearance, and the judge shall follow the procedure outlined in subdivision (c)(2).

**(b)** **Advice to Defendant.**

**(1)** **Notice of Charges and Rights.** At the defendant's first appearance the judge shall immediately inform the defendant of the charge, including an alleged violation of probation or community control, and provide the defendant with a copy of the complaint.  The judge shall also adequately advise the defendant that:

- 12 -

(1A)   the defendant is not required to say anything, and that anything the defendant says may be used against him or her;

(2B)   if unrepresented, that the defendant has a right to counsel, and, if financially unable to afford counsel, that counsel will be appointed; and

(3C)   the defendant has a right to communicate with counsel, family, or friends, and if necessary, will be provided reasonable means to do so.

**(2)   Use of Video Recording to Provide Notice of Rights.** If the defendant was advised of the rights listed in subdivisions (b)(1)(A)–(b)(1)(C) by pre-recorded video, the judge shall confirm separately with each individual defendant that such defendant had an opportunity to view and understands the rights explained in the video recording.

**(c)   [No Change]**

**(d)   Pretrial Release.** The ~~judicial officer~~judge shall proceed to determine conditions of release pursuant to rule 3.131. For a defendant who has been arrested for violation of his or her probation or community control by committing a new violation of law, the ~~judicial officer~~judge:

(1)   ~~M~~may order the offender to be taken before the court that granted the probation or community control if the offender admits the violation; or

(2)   ~~I~~if the offender does not admit the violation at first appearance hearing, the ~~judicial officer~~judge may commit and order the offender to be brought before the court that granted probation or community control, or may release the offender with or without bail to await further hearing, notwithstanding section 907.041, Florida Statutes, relating to pretrial detention and release. In determining whether to require or set the amount of bail, the ~~judicial officer~~judge may consider whether the offender is more likely than not to receive a prison sanction for the violation.

**Committee Notes**

[No Changes]

- 13 -

**RULE 3.131. PRETRIAL RELEASE**

**(a) Right to Pretrial Release.** Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant shall refrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure and shall comply with all conditions of pretrial release as ordered by the court. Upon motion by the defendant when bail is set, or upon later motion properly noticed pursuant to law, the court may modify the condition precluding victim contact if good cause is shown and the interests of justice so require. The victim shall be permitted to be heard at any proceeding in which such modification is considered, and the state attorney shall notify the victim of the provisions of this ~~subsection~~subdivision and of the pendency of any such proceeding. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

**(b)-(g) [No Changes]**

**(h) Bail after Recommitment.** If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant shall determine conditions of release, if any, subject to the limitations of subdivision (b) ~~above~~.

**(i)-(j) [No Changes]**

**(k) Summons on Misdemeanor Charge.** When a complaint is filed charging the commission of a misdemeanor only and the judge deems that process should issue as a result, or when an indictment or information on which the defendant is to be tried charging the commission of a misdemeanor only, and the person named in it is not in custody or at large on bail for the offense charged, the judge shall direct the clerk to issue a summons instead of a capias unless the judge has reasonable ground to believe that the person will not appear in response to a summons, in which event an arrest warrant or a capias shall be issued with the amount of bail endorsed on it. The summons shall state substantially the nature of the offense, the title of the hearing to be conducted, and shall command the person against whom the complaint was made to appear before the judge issuing the

summons or the judge having jurisdiction of the offense at a time and place stated in it.

**(*l*)** **[No Changes]**

**Committee Notes**

[No Changes]

**Court Comment**

[No Changes]

**RULE 3.172.** **ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA**

**(a)-(b)** **[No Changes]**

**(c)** **Determination of Voluntariness.** Except when a defendant is not present for a plea, pursuant to the provisions of rule 3.180(d), the trial judge must, when determining voluntariness, place the defendant under oath, address the defendant personally, and determine on the record that he or she understands:

**(1)-(9)** **[No Changes]**

**(10) Driver's License Suspension or Revocation.** If the defendant pleads guilty or nolo contendere and the offense to which the defendant is pleading is one for which automatic, mandatory driver's license suspension or revocation is required by law to be imposed, (either by the court or by a separate agency), the plea will provide the basis for the suspension or revocation of the defendant's driver's license.

**(d)** **[No Changes]**

**(e)** **Acknowledgment by Defendant.** Before the trial judge accepts a guilty or nolo contendere plea, the judge must determine that the defendant either:

(1)    acknowledges his or her guilt; or

(2)   acknowledges that he or she feels the plea to be in his or her best interest, while maintaining his or her innocence.

**(f)-(j) [No Changes]**

**Committee Notes**

**1977 Adoption-2005 Amendment**    [No Changes]

**2015 Amendment.** In view of the holdings in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), and *Hernandez v. State*, 124 So. 3d 757 (Fla. 2012), the Committee felt it appropriate to expand the requirements in subdivision (c)(8).

## RULE 3.180.    PRESENCE OF DEFENDANT

**(a)    Presence of Defendant.** In all prosecutions for crime the defendant shall be present:

(1)-(3)    [No Changes]

(4)    at the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;

(5)-(9)    [No Changes]

**(b)    Presence; dDefinition.** Except as permitted by rule 3.130 relating to first appearance hearings, Aa defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.

**(c)-(e)    [No Changes]**

**Committee Notes**

[No Changes]

## RULE 3.190.    PRETRIAL MOTIONS

**(a)-(b)**     **[No Changes]**

**(c)     Time for Moving to Dismiss**. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time ~~hereinabove~~ provided herein, shall be considered waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:

**(1)-(4)     [No Changes]**

**(d)     [No Changes]**

**(e)     Effect of Sustaining a Motion to Dismiss.** If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged ~~therefrom~~, unless some other charge justifies a continuation in custody. If the defendant has been released on bail, the defendant and the sureties shall be exonerated; if money or bonds have been deposited as bail, the money or bonds shall be refunded.

**(f)-(j) [No Changes]**

**Committee Notes**

[No Changes]

**RULE 3.191.     SPEEDY TRIAL**

**(a)-(c)          [No Changes]**

**(d)     Custody.** For purposes of this rule, a person is taken into custody:

(1)     when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged,; or

(2)     when the person is served with a notice to appear in lieu of physical arrest.

**(e)-(i)        [No Changes]**

**(j)        Delay and Continuances; Effect on Motion.** If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:

(1)-(4)        [No Changes]

If the court finds that discharge is not appropriate for reasons under subdivisions (j)(2), (j)(3), or (j)(4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.

**(k)     [No Changes]**

**(*l*)        Exceptional Circumstances.** As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that, as a matter of substantial justice to the accused or the state or both, require an order by the court. These circumstances include:

(1)-(4)        [No Changes]

(5)     a showing that a delay is necessary to accommodate a codefendant, when there is reason not to sever the cases to proceed promptly with trial of the defendant; andor

(6)     [No Changes]

**(m)-(p)        [No Changes]**

**1972 Amendment-1992 Amendment        [No Changes]**

**2018 Amendment.** In light of the ruling in *Smart v. State*, 179 So. 3d 477 (Fla. 4th DCA 2015), as well as the precedent cited therein, the committee notes that the reference to the swearing in of trial jury panel for voir dire examination contained in the Florida Rule of Criminal Procedure 3.191(c) relates to the giving of the oath contained in Florida Rule of Criminal Procedure 3.300(a).  The oath is not required to be given in any particular location or by any particular official.

**RULE 3.203.        DEFENDANT'S INTELLECTUAL DISABILITY AS A BAR TO IMPOSITION OF THE DEATH PENALTY**

(a)    [No Changes]

(b)    **Definition of Intellectual Disability.** As used in this rule, the term "intellectual disability" means significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the period from conception to age 18. The term "significantly subaverage general intellectual functioning," for the purpose of this rule, means performance that is ~~two~~2 or more standard deviations from the mean score on a standardized intelligence test authorized by the Department of Children and ~~Family Services~~Families in rule 65G-4.011 of the Florida Administrative Code. The term "adaptive behavior," for the purpose of this rule, means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her age, cultural group, and community.

(c)    **Motion for Determination of Intellectual Disability as a Bar to Execution~~:~~; Contents; Procedures.**

(1)    [No Changes]

(2)    The motion shall state that the defendant is intellectually disabled and, if the defendant has been tested, evaluated, or examined by ~~one~~1 or more experts, the names and addresses of the experts. Copies of reports containing the opinions of any experts named in the motion shall be attached to the motion. The court shall appoint an expert chosen by the state attorney if the state attorney

so requests. The expert shall promptly test, evaluate, or examine the defendant and shall submit a written report of any findings to the parties and the court.

(3)     If the defendant has not been tested, evaluated, or examined by ~~one~~1 or more experts, the motion shall state that fact and the court shall appoint ~~two~~2 experts who shall promptly test, evaluate, or examine the defendant and shall submit a written report of any findings to the parties and the court.

(4)-(5)     [No Changes]

**(d)-(i)     [No Changes]**

**RULE 3.213.     CONTINUING INCOMPETENCY TO PROCEED, EXCEPT INCOMPETENCY TO PROCEED WITH SENTENCING~~:~~; DISPOSITION**

**(a)     Dismissal without Prejudice during Continuing Incompetency.**

After a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing, the charge(s):

(1)     ~~If at any time after 5 years following a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.~~ shall be dismissed 1 year after a finding if the charge is a misdemeanor;

(2)     ~~If the incompetency to stand trial or to proceed is due to intellectual disability or autism, the court shall dismiss the charges within a reasonable time after such determination, not to exceed 2 years for felony charges and 1 year for misdemeanor charges, unless the court specifies in its order the~~

- 20 -

~~reasons for believing that the defendant will become competent within the foreseeable future and specifies the time within which the defendant is expected to become competent. The dismissal shall be without prejudice to the state to refile should the defendant be declared competent to proceed in the future.~~ shall be dismissed no later than 2 years after a finding if incompetency is due to intellectual disability or autism;

(3)   may be dismissed 3 years after a finding, unless a charge is listed in section 916.145, Florida Statutes; or

(4)   shall be dismissed after a finding that the defendant has remained incompetent for 5 continuous and uninterrupted years;

provided that the court finds that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing unless the court in its order specifies its reasons for believing that the defendant is expected to become competent to proceed.  A dismissal under this rule shall be without prejudice to the state to refile the charge(s) should the defendant be declared competent to proceed in the future.

**(b)   Commitment or Treatment during Continuing Incompetency.**

(1)   ~~If at any time after 5 years following a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does meet the criteria for commitment, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Children and Family Services for involuntary hospitalization or residential services solely under the provisions of law or may order that the defendant receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the state attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant. If charges are dismissed pursuant to this subdivision, the dismissal shall be without prejudice to the state to refile the charges should the defendant be declared~~

~~competent to proceed in the future.~~ <u>If the defendant meets the criteria for commitment under section 394.467, Florida Statutes, the court shall commit the defendant to the Department of Children and Families for involuntary hospitalization solely under the provisions of law. If the defendant meets the criteria of section 394.4655, Florida Statutes, the court may order that the defendant receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of an inpatient facility notify the state attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant.</u>

        (2)    [No Changes]

**(c)**    **[No Changes]**

**Committee Notes**

[No Changes]

**RULE 3.217.**    **JUDGMENT OF NOT GUILTY BY REASON OF INSANITY~~:~~; DISPOSITION OF DEFENDANT**

**(a)**    **[No Changes]**

**(b)**    **Treatment, Commitment, or Discharge after Acquittal.** When a person is found not guilty of the offense or is found not to be in violation of probation or community control by reason of insanity, if the court then determines that the defendant presently meets the criteria set forth by law, the court shall commit the defendant to the Department of Children and ~~Family Services~~<u>Families</u> or shall order outpatient treatment at any other appropriate facility or service, or shall discharge the defendant. Any order committing the defendant or requiring outpatient treatment or other outpatient service shall contain:

        (1)-(3)    [No Changes]

**Committee Notes**

[No Changes]

**RULE 3.218.** **COMMITMENT OF A DEFENDANT FOUND NOT GUILTY BY REASON OF INSANITY**

(**a**)  **Commitment; 6-Month Report.** The Department of Children and ~~Family Services~~Families shall admit to an appropriate facility a defendant found not guilty by reason of insanity under rule 3.217 and found to meet the criteria for commitment for hospitalization and treatment and may retain and treat the defendant. No later than 6 months from the date of admission, the administrator of the facility shall file with the court a report, and provide copies to all parties, which shall address the issues of further commitment of the defendant. If at any time during the 6-month period, or during any period of extended hospitalization that may be ordered under this rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for commitment, the administrator shall notify the court by such a report and provide copies to all parties.  The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.

(**b**)-(**c**)  **[No Changes]**

**Committee Notes**

[No Changes]

**RULE 3.219.** **CONDITIONAL RELEASE**

(**a**)  **[No Changes]**

(**b**)  **Defendant's Failure to Comply.** If it appears at any time that the defendant has failed to comply with the conditions of release, or that the defendant's condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court, after hearing, may modify the release conditions or, if the court finds the defendant meets the statutory

criteria for commitment, may order that the defendant be recommitted to the Department of Children and ~~Family Services~~Families for further treatment.

**(c)**     **[No Changes]**

## Committee Notes

[No Changes]

**RULE 3.220.**     **DISCOVERY**

**(a)-(g)**     **[No Changes]**

**(h)     Discovery Depositions.**

**(1)-(4)**     **[No Changes]**

**(5)     Depositions of Law Enforcement Officers.** Subject to the general provisions of subdivision (h)(1), law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the <u>physical </u>address of the law enforcement agency or department, or an<u> e-mail or other</u> address designated by the law enforcement agency or department, ~~five~~<u>5</u> days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice as required by the rule may be adjudged in contempt of court.

**(6)     [No Changes]**

**(7)     Defendant's Physical Presence.** A defendant shall not be physically present at a deposition except on stipulation of the parties or as provided by this rule. The court may order the physical presence of the defendant on a showing of good cause. The court may consider<u>:</u>

(A)<u>   </u>the need for the physical presence of the defendant to obtain effective discovery~~,~~<u>;</u>

(B)<u>   </u>the intimidating effect of the defendant's presence on the witness, if any~~,~~<u>;</u>

(C) any cost or inconvenience which may result~,~; and

(D) any alternative electronic or audio/visual means available.

**(8)** **[No Changes]**

**(i)** **Investigations Not to Be Impeded.** Except as is otherwise provided as to matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information, (except the defendant), to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case.

**(j)** **Continuing Duty to Disclose.** If, subsequent to compliance with the rules, a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party shall promptly disclose or produce the witnesses or material in the same manner as required under these rules for initial discovery. This duty includes any additional recorded or unrecorded statements of any person disclosed under subdivisions (b)(1)(A) or (d)(1)(A) of this rule that materially alter a written or recorded statement previously provided under these rules.

**(k)** **[No Changes]**

**(*l*)** **Protective Orders.**

**(1)** **[No Changes]**

**(2)** **Motion to Terminate or Limit Examination.** At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may:

(1A) terminate the deposition~,~;

(2B)  limit the scope and manner of the taking of the deposition,;

(3C)  limit the time of the deposition,;

(4D)  continue the deposition to a later time,;

(5E)  order the deposition to be taken in open court,; and, in addition, may

(6F)  impose any sanction authorized by this rule.

If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.

**(m)**   **[No Changes]**

**(n)**   **Sanctions.**

(1)-(2)      [No Changes]

(3)    Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, shall be signed by at least 1 attorney of record, as defined by Florida Rule of Judicial Administration 2.505, in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and list his or her address. The signature of the attorney constitutes a certification that the document complies with Florida Rule of Judicial Administration 2.515. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection and that to the best of the signer's knowledge, information, or belief formed after a reasonable inquiry it is:

(A)-(C)      [No Changes]

If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making

the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

If a certification is made in violation of this rule, the court, on motion or on its own initiative, shall impose on the person who made the certification, the firm or agency with which the person is affiliated, the party on whose behalf the request, response, or objection is made, or any or all of the above an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

**(o)** **[No Changes]**

**Committee Notes**

**1968 Adoption-1998 Amendment** **[No Changes]**

**2018 Amendment.** The amendments to subdivision (j) are a clarification of the rule based on *Scipio v. State*, 928 So. 2d 1138 (Fla. 2006), and *Washington v. State*, 151 So. 3d 544 (Fla. 1st DCA 2014).

**Court Commentary**

[No Changes]

**RULE 3.240.** **CHANGE OF VENUE**

**(a)-(e)** **[No Changes]**

**(f)** **Transmittal of Documents.** The clerk shall ~~enter on the minutes~~docket the order of removal and transmit to the court to which the cause is removed a certified copy of the order of removal and of the record and proceedings and of the undertakings of the witnesses and the accused.

**(g)** **[No Changes]**

**(h)** **Multiple Defendants.** If there are several defendants and an order is made removing the cause on the application of ~~one~~1 or more but not all of them, the other defendants shall be tried and all proceedings had against them in the

county in which the cause is pending in all respects as if no order of removal had been made as to any defendant.

**(i)** **[No Changes]**

**(j)** **Prosecuting Attorney's Obligation.** The prosecuting attorney of the court to which the cause is removed may amend the information, or file a new information~,~. ~and~Any such new information shall be entitled in the county ~in~to which ~the trial is had~the cause is removed, but the allegations as to the place of commission of the crime shall refer to the county in which the crime was actually committed.

**Committee Notes**

[No Changes]

**RULE 3.330.** **DETERMINATION OF CHALLENGE FOR CAUSE**

The court shall determine the validity of a challenge of an individual juror for cause. In making such determination the juror challenged and any other material witnesses, produced by the parties, may be examined ~on~under oath by either party. The court may consider also any other evidence material to such challenge.

**Committee Notes**

[No Changes]

**RULE 3.470.** **PROCEEDINGS ON SEALED VERDICT**

The court may, with the consent of the prosecuting attorney and the defendant, direct the jurors that if they should agree upon a verdict during a temporary adjournment of the court, the foreperson and each juror shall sign the same, and the verdict shall be sealed in an envelope and delivered to the officer having charge of the jury, after which the jury may separate until the ~next convening of the~ court reconvenes. When the court authorizes the rendition of a

- 28 -

sealed verdict, it shall admonish the jurors not to make any disclosure, of any kind, concerning it or to speak with other persons concerning the ~~cause~~case, until their verdict shall have been rendered in open court. The officer shall~~, forthwith,~~ deliver the sealed verdict to the clerk. When the jurors have reassembled in open court, the envelope shall be opened by the court or clerk, and ~~the same proceedings shall be had as in the receiving of other~~must be received in the same manner as unsealed verdicts.

**Committee Notes**

[No Changes]

**RULE 3.590.      TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING**

(a)     **Time for Filing in Noncapital Cases.** In cases in which the state does not seek the death penalty, a motion for new trial or a motion in arrest of judgment, or both, may be made, either orally in open court or in writing and filed with the clerk's office, within 10 days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10-day period and in the discretion of the court at any other time before the motion is determined.

(b)     **Time for Filing in Capital Cases Where the Death Penalty Is an Issue.** A motion for new trial or a motion in arrest of judgment, or both, or for a new penalty phase hearing may be made within 10 days after written final judgment of conviction and sentence of life imprisonment or death is filed. The motion may address grounds which arose in the guilt phase and the penalty phase of the trial. Separate motions for the guilt phase and the penalty phase may be filed. The motion or motions may be amended without leave of court prior to the expiration of the 10-day period, and in the discretion of the court, at any other time before the motion is determined.

(c)     **[No Changes]**

(d)     **Written Motions.** The motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing

thereon, the clerk may notify counsel for the respective parties or the attorney for the defendant may serve notice of hearing on the prosecuting ~~officer~~attorney.

**(e)** **Custody Pending Motion.** ~~Until the motion is disposed of, a~~A defendant who is not already at liberty on bail shall remain in custody and not be allowed liberty on bail unless the court, on good cause shown ~~(~~if the offense for which the defendant is convicted is bailable~~)~~, permits the defendant to be released on bail until ~~the motion is disposed of~~the court disposes of the motion. If the defendant is already at liberty on bail that is deemed by the court to be good and sufficient, ~~it~~the court may permit the defendant to continue at large on such bail until the motion for new trial is heard and ~~disposed of~~the court disposes of the motion.

**Committee Notes**

[No Changes]

**RULE 3.600.** **GROUNDS FOR NEW TRIAL**

**(a)** **Grounds for Granting.** The court shall grant a new trial only if ~~any of the following grounds is established.~~:

(1) ~~T~~the jurors decided the verdict by lot~~.~~;

(2) ~~T~~the verdict is contrary to law or the weight of the evidence~~.~~; or

(3) ~~N~~new and material evidence, which, if introduced at the trial would probably have changed the verdict or finding of the court, and which the defendant could not with reasonable diligence have discovered and produced at the trial, has been discovered.

**(b)** **Grounds for Granting if Prejudice is Established.** The court shall grant a new trial if ~~any of the following grounds is established, providing~~ substantial rights of the defendant were prejudiced ~~thereby.~~because:

(1) ~~T~~the defendant was not present at any proceeding at which the defendant's presence is required by these rules~~.~~;

- 30 -

(2)  T̶the jury received any evidence out of court, other than that resulting from an authorized view of the premises.̶;

(3)  T̶the jurors, after retiring to deliberate upon the verdict, separated without leave of court.̶;

(4)  A̶any juror was guilty of misconduct.̶;

(5)  T̶the prosecuting attorney was guilty of misconduct.̶;

(6)  T̶the court erred in the decision of any matter of law arising during the course of the trial.̶;

(7)  T̶the court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant.̶; or

(8)  F̶for any other cause not due to the defendant's own fault, the defendant did not receive a fair and impartial trial.

**(c)**  **[No Changes]**

### Committee Notes

[No Changes]

## RULE 3.610.  MOTION FOR ARREST OF JUDGMENT; GROUNDS

The court shall grant a motion in arrest of judgment only ~~on 1 or more of the following grounds~~if:

(a)  T̶the indictment or information on which the defendant was tried is so defective that it will not support a judgment of conviction.̶;

(b)  T̶the court is without jurisdiction of the cause.̶;

(c)  T̶the verdict is so uncertain that it does not appear therefrom that the jurors intended to convict the defendant of an offense o̶ffor which the defendant

- 31 -

could be convicted under the indictment or information ~~under which the defendant was tried.~~; or

(d)     ~~T~~the defendant was convicted of an offense for which the defendant could not be convicted under the indictment or information ~~under which the defendant was tried~~.

**Committee Notes**

[No Changes]

**RULE 3.691.     POST-TRIAL RELEASE**

(a)     **When Authorized.** ~~All persons~~A defendant who ~~have~~has been adjudicated guilty of the commission of any <u>non-capital</u> offense <u>for which bail is not prohibited under section 903.133, Florida Statutes,</u> ~~not capital,~~ may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in ~~Younghans v. State~~*Younghans v. State*, 90 So. 2d 308 (Fla. 1956)~~, provided that no person~~. <u>No defendant</u> may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if ~~such person~~the defendant has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and the ~~person's~~defendant's civil rights have not been restored or if other felony charges are pending against the ~~person~~defendant and probable cause has been found that the ~~person~~defendant has committed the felony or felonies at the time the request for bail is made.

(b)     **[No Change]**

(c)     **Review of Denial.** An order by a trial court denying bail to a ~~person~~defendant pursuant to the provisions of subdivision (a) may be reviewed by motion to the appellate court and the motion shall be advanced on the calendar of the appellate court for expeditious review.

(d)     **Conditions of Release.** If the defendant is released after conviction and ~~on~~pending appeal, the condition<u>s</u> shall be:

(1)   the defendant will duly prosecute the appeal; and

(2)   the defendant will surrender himself or herself in execution of the judgment or sentence on its being affirmed or modified or on the appeal being dismissed; or in case the judgment is reversed and the cause remanded for a new trial, the defendant will appear in the court to which the cause may be remanded for a new trial, that the defendant will appear in the court to which the cause may be remanded and submit to the orders and process thereof and will not depart the jurisdiction of the court without leave.

**(e)**    **Approval of Bond.** The court shall approve the sufficiency and adequacy of the bond, its security, and sureties, prior to the release of the defendant. However, in no case may an original appearance bond be continued for an appeal.

**Committee Notes**

[No Changes]

**RULE 3.692.**    **PETITION TO SEAL OR EXPUNGE**

**(a)**    **Requirements of Petition.**

(1)   All relief sought by reason of sections 943.0585–943.059, Florida Statutes, shall be by written petition, filed with the clerk. The petition shall state the grounds on which it is based and the official records to which it is directed, and shall be supported by an affidavit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of the motion. A petition seeking to seal or expunge nonjudicial criminal history records must be accompanied by a certificate of eligibility issued to the petitioner by the Florida Department of Law Enforcement. A copy of the completed petition and affidavit shall be served on the prosecuting attorney and the arresting authority. Notice and hearing shall be as provided in rule 3.590(c).

(2)   All relief sought by reason of section 943.0583, Florida Statutes, shall be by written petition, filed with the clerk. The petition shall state the grounds on which it is based and the official records to which it is directed;

shall be supported by the petitioner's sworn statement attesting that the petitioner is eligible for such an expunction; and to the best of his or her knowledge or belief that the petitioner does not have any other petition to expunge or any petition to seal pending before any court; and shall be accompanied by official documentation of the petitioner's status as a victim of human trafficking, if any exists. A petition to expunge, filed under section 943.0583, Florida Statutes, is not required to be accompanied by a certificate of eligibility from the Florida Department of Law Enforcement. A copy of the completed petition, sworn statement, and any other official documentation of the petitioner's status as a victim of human trafficking, shall be served on the prosecuting attorney and the arresting authority. ~~Notice and hearing shall be as provided in rule 3.590(c).~~

**(b)    State's Response; Evidence.** The ~~state may traverse or demur~~prosecuting attorney and arresting agency may respond to the petition and affidavit. The court may receive evidence on any issue of fact necessary to ~~the decision of~~rule on the petition.

**(c)-(d)    [No Changes]**

**(e)    Clerk's Duties.** In regard to the official records of the court, including the court file of the cause, the clerk shall:

(1)    [No Changes]

(2)    seal the entries and records, or certified copies thereof, together with the court file and retain the same in a nonpublic index, subject to further order of the court (see *Johnson v. State*, 336 So. 2d 93 (Fla. 1976)); and

(3)    [No Changes]

**(f)    Costs.** ~~All costs of certified copies involved herein shall be borne by the movant, unless the movant is indigent~~Petitioner shall bear all costs of certified copies unless petitioner is indigent.

**Committee Notes**

[No Changes]

**RULE 3.704.     THE CRIMINAL PUNISHMENT CODE**

  **(a)     [No Changes]**

  **(b)     Purpose and Construction.** The purpose of the 1998 Criminal Punishment Code, and the principles it embodies, are set out in subsection 921.002(1), Florida Statutes. Existing case law construing the application of sentencing guidelines will continue as precedent unless in conflict with the provisions of this rule or the 1998 Criminal Punishment Code.

  **(c)     Offense Severity Ranking.**

    (1)     [No Changes]

    (2)     Felony offenses not listed in section 921.0022 are assigned a severity level in accordance with section 921.0023, Florida Statutes, as follows:

      (A)     A̶a felony of the third degree within offense level 1̶.̲;

      (B)     A̶a felony of the second degree within offense level 4̶.̲;

      (C)     A̶a felony of the first degree within offense level 7̶.̲;

      (D)     A̶a felony of the first degree punishable by life within offense level 9̶.̲;̲ ̲o̲r

      (E)     A̶a life felony within offense level 10.

  An offense does not become unlisted and subject to the provisions of section 921.0023 because of a reclassification of the degree of felony under section 775.0845, section 775.087, section 775.0875, or section 794.023, Florida Statutes, or any other law that provides an enhanced penalty for a felony offense.

  **(d)     General Rules and Definitions.**

    (1)     One or more Criminal Punishment Code scoresheets must be prepared for each offender covering all offenses pending before the court for sentencing, including offenses for which the offender may qualify as an habitual felony offender, an habitual violent felony offender, a violent career criminal, or a prison releasee reoffender. The office of the s̶t̶a̶t̶e̲p̲r̲o̲s̲e̲c̲u̲t̲i̲n̲g̲ attorney must prepare

the scoresheets and present them to defense counsel for review as to accuracy. If sentences are imposed under section 775.084, or section 775.082(9), Florida Statutes, and the Criminal Punishment Code, a scoresheet listing only those offenses sentenced under the Criminal Punishment Code must be filed in addition to any sentencing documents filed under section 775.084 or section 775.082(9).

(2)　　[No Changes]

(3)　　If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than ~~one~~1 version or revision of the guidelines or Criminal Punishment Code, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively.

(4)-(6)　　[No Changes]

(7)　　"Primary offense" means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only ~~one~~1 count of one offense before the court for sentencing shall be classified as the primary offense.

(8)　　[No Changes]

(9)　　"Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Except as otherwise provided by law, the sexual penetration and sexual contact points will be scored as follows. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury must be scored in addition to any points scored for the sexual contact or sexual penetration.

Victim injury must be scored for each victim physically injured and for each offense resulting in physical injury whether there are ~~one~~1 or more victims.

However, victim injury must not be scored for an offense for which the offender has not been convicted.

Victim injury resulting from ~~one~~1 or more capital offenses before the court for sentencing must not be included upon any scoresheet prepared for non-capital offenses also pending before the court for sentencing. This does not prohibit the scoring of victim injury as a result of the non-capital offense or offenses before the court for sentencing.

(10)  Unless specifically provided otherwise by statute, attempts, conspiracies, and solicitations must be indicated in the space provided on the Criminal Punishment Code scoresheet and must be scored at ~~one~~1 severity level below the completed offense.

Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 1 and 2 must be scored as misdemeanors. Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 3, 4, 5, 6, 7, 8, 9, and 10 must be scored as felonies ~~one~~1 offense level beneath the incomplete or inchoate offense.

(11)  An increase in offense severity level may result from a reclassification of felony degrees under sections 775.0845, 775.087, 775.0875, or 794.023, Florida Statutes. Any such increase must be indicated in the space provided on the Criminal Punishment Code scoresheet.

(12)  A single assessment of ~~thirty~~30 prior serious felony points is added if the offender has a primary offense or any additional offense ranked in level 8, 9, or 10 and ~~one~~1 or more prior serious felonies. A 'prior serious felony' is an offense in the offender's prior record ranked in level 8, 9, or 10 and for which the offender is serving a sentence of confinement, supervision, or other sanction or for which the offender's date of release from confinement, supervision, or other sanction, whichever is later, is within 3 years before the date the primary offense or any additional offenses were committed. Out of state convictions wherein the analogous or parallel Florida offenses are located in offense severity level 8, 9, or 10 must be considered prior serious felonies.

(13)  If the offender has ~~one~~1 or more prior capital felonies, points must be added to the subtotal sentence points of the offender equal to twice the number of points the offender receives for the primary offense and any additional offense. Out-of-state convictions wherein the analogous or parallel Florida

offenses are capital offenses must be considered capital offenses for purposes of operation of this section.

(14)   [No Changes]

(15)   "Legal status points" are assessed when an offender:

(A)   ~~E~~escapes from incarceration;

(B)   ~~F~~flees to avoid prosecution;

(C)   ~~F~~fails to appear for a criminal proceeding;

(D)   ~~V~~violates any condition of a supersedeas bond;

(E)   ~~I~~is incarcerated;

(F)   ~~I~~is under any form of a pretrial intervention or diversion program; or

(G)   ~~I~~is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation must only be assessed once regardless of the existence of more than ~~one~~1 form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.

(16)   Community sanction violation points occur when the offender is found to have violated a condition of:

(A)   ~~P~~probation;

(B)   ~~C~~community ~~C~~control; or

(C)   ~~P~~pretrial intervention or diversion.

Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction

violation points must be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points must be assessed. For violations occurring on or after March 12, 2007, if the community sanction violation that is not based upon a failure to pay fines, costs, or restitution is committed by a violent felony offender of special concern as defined in s.ection 948.06, Florida Statutes, twelve12 community sanction violation points must be assessed or if the violation results from a new felony conviction, 24 community sanction points must be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court may not be the basis for multiplying the assessment of community sanction violation points.

(17)   Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing, or attempting to commit, any felony other than those enumerated in subsection 775.087(2), Florida Statutes, while having in his or her possession a firearm as defined in subsection 790.001(6), Florida Statutes. Twenty-five sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(3), Florida Statutes, while having in his or her possession a semiautomatic firearm as defined in subsection 775.087(3), Florida Statutes, or a machine gun as defined in subsection 790.001(9), Florida Statutes. Only one1 assessment of either 18 or 25 points can be made.

(18)   "Subtotal sentence points" are the sum of the primary offense points, the total additional offense points, the total victim injury points, the total prior record points, any legal status points, community sanction points, prior serious felony points, prior capital felony points, and points for possession of a firearm or semiautomatic weapon.

(19)   [No Changes]

(20)   If the primary offense is a violation of the Law Enforcement Protection Act under subsection 775.0823(2), (3), or (4), Florida Statutes, the subtotal sentence points are multiplied by 2.5. If the primary offense is a violation of subsection 775.0823(5), (6), (7), (8), or (9), Florida Statutes, the subtotal

sentence points are multiplied by 2.0. If the primary offense is a violation of section 784.07(3) or 775.0875(1), Florida Statutes, or the Law Enforcement Protection Act under subsection 775.0823(10) or (11), Florida Statutes, the subtotal sentence points are multiplied by 1.5.

(21)   If the primary offense is grand theft of the third degree of a motor vehicle and the offender's prior record includes ~~three~~3 or more grand thefts of the third degree of a motor vehicle, the subtotal sentence points are multiplied by 1.5.

(22)   [No Changes]

(23)   If the primary offense is a crime of domestic violence as defined in section 741.28, Florida Statutes, which was committed in the presence of a child under 16 years of age who is a family household member as defined in section 741.28(2), Florida Statutes, with the victim or perpetrator, the subtotal sentence points are multiplied by 1.5.

(24)   (A)   Adult on minor sex offense. The subtotal sentence points are multiplied by 2.0 if:

(i)   the offender was 18 years of age or older and the victim was younger than 18 years of age at the time the offender committed the primary offense; and

(ii)   the primary offense was committed on or after October 1, 2014, and is a violation of:

a.   section 787.01(2) (kidnapping) or 787.02(2) (false imprisonment), Florida Statutes, if in the course of committing the kidnapping or false imprisonment the defendant committed a sexual battery under chapter 794, Florida Statutes, or a lewd act under section 800.04 or 847.0135(5), Florida Statutes, against the victim;

b.   section 787.01(3)(a)2. or (3)(a)3., Florida Statutes, (kidnapping of a child under 13 with a sexual battery or lewd act);

c.   section 787.02(3)(a)2. or (3)(a)3., Florida Statutes, (false imprisonment of a child under 13 with a sexual battery or lewd act);

d.    section 794.011, Florida Statutes, (sexual battery), excluding section 794.011(10);

e.    section 800.04, Florida Statutes, (lewd or lascivious offenses); or

f.    section 847.0135(5), Florida Statutes, (lewd or lascivious exhibition using a computer).

(B)    Notwithstanding subdivision (d)(24)(A), the court may not apply the multiplier and must sentence the defendant to the statutory maximum sentence if applying the multiplier results in the lowest permissible sentence exceeding the statutory maximum sentence for the primary offense under chapter 775, Florida Statutes.

(25)    "Total sentence points" are the subtotal sentence points or the enhanced subtotal sentence points.

(256) The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory maximums for the offenses committed, is appropriate. When the total sentence points exceeds 44 points, the lowest permissible sentence in prison months must be calculated by subtracting 28 points from the total sentence points and decreasing the remaining total by 25 percent. The total sentence points must be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing must be the lowest permissible sentence up to and including the statutory maximum, as defined in section 775.082, Florida Statutes, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the Code exceeds the statutory maximum sentence as provided in section 775.082, Florida Statutes, the sentence required by the Code must be imposed. If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment. The sentence imposed must be entered on the scoresheet.

(26<u>7</u>) For those offenses having a mandatory minimum sentence, a scoresheet must be completed and the lowest permissible sentence under the Code calculated. If the lowest permissible sentence is less than the mandatory minimum sentence, the mandatory minimum sentence takes precedence. If the lowest permissible sentence exceeds the mandatory sentence, the requirements of the Criminal Punishment Code and any mandatory minimum penalties apply. Mandatory minimum sentences must be recorded on the scoresheet.

(27<u>8</u>) Any downward departure from the lowest permissible sentence, as calculated according to the total sentence points under section 921.0024, Florida Statutes, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsection 921.0026(2), Florida Statutes.

(A) If a sentencing judge imposes a sentence that is below the lowest permissible sentence, it is a departure sentence and must be accompanied by a written statement by the sentencing court delineating the reasons for the departure, filed within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is filed by the court within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the Criminal Punishment Code scoresheet.

(B) The written statement delineating the reasons for departure must be made a part of the record. The written statement, if it is a separate document, must accompany the scoresheet required to be provided to the Department of Corrections under subsection 921.0024(6)<u>, Florida Statutes</u>.

If a split sentence is imposed, the total sanction (incarceration and community control or probation) must not exceed the term provided by general law or the maximum sentence under the Criminal Punishment Code.

(28<u>9</u>) If the lowest permissible sentence under the criminal punishment code is a state prison sanction but the total sentencing points do not exceed 48 points (or 54 points if ~~six~~<u>6</u> of those points are for a violation of probation, community control, or other community supervision that does not involve a new crime), the court may sentence the defendant to probation, community control, or community supervision with mandatory participation in a prison diversion program, as provided for in s.<u>ection</u> 921.00241, Florida Statutes,

if the defendant meets the requirements for that program as set forth in section 921.00241, Florida Statutes.

(2930) If the total sentence points equal 22 or less, the court must sentence the offender to a nonstate prison sanction unless it makes written findings that a nonstate prison sanction could present a danger to the public.

(301) Sentences imposed after revocation of probation or community control must be imposed according to the sentencing law applicable at the time of the commission of the original offense.

**Committee Note**

[No Changes]

## RULE 3.710. PRESENTENCE REPORT

    **(a) Cases In Which Court Has Discretion.** In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the Department of Corrections for investigation and recommendation. No sentence or sentences other than probation or the statutorily required mandatory minimum shallmay be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge. The requirements of this subdivision are not applicable to a subsequent violation of probation proceeding.

    **(b) [No Changes]**

**Committee Notes**

**1972 Adoption-2004 Amendment** [No Changes]

**2018 Amendment.** The amendment modifies subdivision (a). The rule makes clear that a report is not required prior to sentencing in violation of probation proceedings following the ruling in *Barber v. State*, 293 So. 2d 710 (Fla. 1974).

**RULE 3.770.     PROCEDURE WHEN PREGNANCY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING DEATH SENTENCE**

When pregnancy of a ~~female~~ defendant is alleged as the cause for not pronouncing the death sentence, the court shall postpone the pronouncement of sentence until after it has decided the truth of that allegation. If necessary in order to arrive at such a decision, it shall immediately fix a time for a hearing to determine whether the defendant is pregnant and shall appoint not exceeding 3 competent disinterested physicians to examine the defendant as to ~~her~~the defendant's alleged pregnancy and to testify at the hearing as to whether ~~she~~the defendant is pregnant. Other evidence regarding whether the defendant is pregnant may be introduced at the hearing by either party. If the court decides that the defendant is not pregnant, it shall proceed to pronounce sentence. If it decides that ~~she~~the defendant is pregnant, it shall commit ~~her~~the defendant to prison until it appears that ~~she~~the defendant is not pregnant and shall then pronounce sentence ~~upon her~~.

**Committee Notes**

[No Changes]

**RULE 3.810.     COMMITMENT OF DEFENDANT; DUTY OF SHERIFF**

On pronouncement of a sentence imposing a penalty other than a fine only or death, the court shall, unless the execution of the sentence is suspended or stayed, and, in such case, on termination of the suspension or stay, ~~forthwith~~immediately commit the defendant to the custody of the sheriff. ~~under a commitment to which shall be attached a certified copy of the sentence and, unless both are contained in the same instrument if the sentence is imprisonment in the state prison, a certified copy of the judgment of conviction and a certified copy of the indictment or information, and the sheriff shall thereupon, within a reasonable time, if the sheriff is not the proper official to execute the sentence, transfer the defendant, together with the commitment and attached certified copies,~~ The commitment documents must include certified copies of the sentence, the judgment of conviction, and the indictment or information. If the sheriff is not the proper official to execute the sentence, the sheriff will transfer the prisoner, with certified

copies of the commitment documents to the custody of the official whose duty it is to execute the sentence and shall take from that person a receipt for the defendant ~~and make a return thereof~~that will be returned to the court.

**Committee Notes**

[No Changes]

**RULE 3.850.      MOTION TO VACATE~~,~~; SET ASIDE~~,~~; OR CORRECT SENTENCE**

(a)      **Grounds for Motion.** The following grounds may be claims for relief from judgment or release from custody by a person who has been tried and found guilty or has entered a plea of guilty or nolo contendere before a court established by the laws of Florida:

(1)      ~~T~~the judgment was entered or sentence was imposed in violation of the Constitution or laws of the United States or the State of Florida~~.~~;

(2)      ~~T~~the court did not have jurisdiction to enter the judgment~~.~~;

(3)      ~~T~~the court did not have jurisdiction to impose the sentence~~.~~;

(4)      ~~T~~the sentence exceeded the maximum authorized by law~~.~~;

(5)      ~~T~~the plea was involuntary~~.~~; or

(6)      ~~T~~the judgment or sentence is otherwise subject to collateral attack.

(b)      **Time Limitations.** A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that:

(1)      the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence~~, or~~;

(2)    the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity~~,~~; or

(3)    [No Changes]

**(c)    Contents of Motion.** The motion must be under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct. The motion must include the certifications required by subdivision (n) of this rule and must also include an explanation of:

(1)-(7)        [No Changes]

This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence. If the defendant is filing a newly discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion. For all other newly discovered evidence claims, the defendant shall attach an affidavit from any person whose testimony is necessary to factually support the defendant's claim for relief. If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained.

**(d)    Form of Motion.** Motions shall be typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2- by- 11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.

**(e)    [No Changes]**

**(f)    Procedure; Evidentiary Hearing; Disposition.** On filing of a motion under this rule, the clerk shall forward the motion and file to the court. Disposition of the motion shall be in accordance with the following procedures, which are intended to result in a single, final, appealable order that disposes of all claims raised in the motion.

**(1)-(2)**     [No Changes]

**(3)     Timely Motions Containing Some Insufficient Claims.** If the motion sufficiently states ~~one~~1 or more claims for relief and it also attempts but fails to state additional claims, and the motion is timely filed under this rule, the court shall enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief. Any claim for which the insufficiency has not been cured within the time allowed for such amendment shall be summarily denied in an order that is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.

**(4)     Motions Partially Disposed of by the Court Record.** If the motion sufficiently states ~~one~~1 or more claims for relief but the files and records in the case conclusively show that the defendant is not entitled to relief as to ~~one~~1 or more claims, the claims that are conclusively refuted shall be summarily denied on the merits without a hearing. A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to ~~one~~1 or more claims shall be attached to the order summarily denying these claims. The files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed. An order that does not resolve all the claims is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.

**(5)-(8)**     [No Changes]

**(g)-(m)**     [No Changes]

**(n)     Certification of Defendant; Sanctions.** No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.

(1)-(2)     [No Changes]

(3)     Conduct prohibited under this rule includes, but is not limited to, the following: the filing of frivolous or malicious claims; the filing of any motion in bad faith or with reckless disregard for the truth; the filing of an application for habeas corpus subject to dismissal pursuant to subdivision (m); the

willful violation of any provision of this rule; and the abuse of the legal process or procedures governed by this rule.

The court, upon its own motion or on the motion of a party, may determine whether a motion has been filed in violation of this rule. The court shall issue an order setting forth the facts indicating that the defendant has or may have engaged in prohibited conduct. The order shall direct the defendant to show cause, within a reasonable time limit set by the court, why the court should not find that the defendant has engaged in prohibited conduct under this rule and impose an appropriate sanction. Following the issuance of the order to show cause and the filing of any response by the defendant, and after such further hearing as the court may deem appropriate, the court shall make a final determination of whether the defendant engaged in prohibited conduct under this ~~subsection~~subdivision.

(4)-(5)    [No Changes]

## Committee Notes

[No Changes]

## Court Commentary

[No Changes]

**RULE 3.986.    FORMS RELATED TO JUDGMENT AND SENTENCE**

**(a)    [No Changes]**

**(b)    Form for Judgment.**

__ Probation Violator
__ Community Control Violator
__ Retrial
__ Resentence

In the Circuit Court,
_____ Judicial Circuit, in and for
_____ County, Florida

Division _____

Case Number _____

State of Florida

v.

_____
Defendant

## JUDGMENT

The defendant, _____, being personally before this court represented
by _____, the attorney of record, and the state represented by _____, and having

___ been tried and found guilty by jury/by court of the following crime(s)

___ entered a plea of guilty to the following crime(s)

___ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|-------------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

___ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

___ and being a qualified offender pursuant to section 943.325, Florida Statutes, the defendant shall be required to submit DNA samples as required by law.

___ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

DONE AND ORDERED in open court in _____ County, Florida, on ..........(date).........

$\overline{\hspace{4cm}}$
Judge

State of Florida

v.

$\overline{\hspace{4cm}}$
Defendant                    Case Number $\overline{\hspace{3cm}}$

## FINGERPRINTS OF DEFENDANT

$\overline{\hspace{12cm}}$

R. Thumb        R. Index        R. Middle        R. Ring        R. Little

$\overline{\hspace{12cm}}$

L. Thumb        L. Index        L. Middle        L. Ring        L. Little

Fingerprints taken by: $\overline{\hspace{8cm}}$

               (Name)                    (Title)

    I HEREBY CERTIFY that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _____, and that they were placed thereon by the defendant in my presence in open court this date.

$\overline{\hspace{4cm}}$
Judge

## (c)    Form for Charges, Costs, and Fees.

In the Circuit Court,
_____ Judicial Circuit, in and for
_____ County, Florida
Division $\overline{\hspace{3cm}}$
Case Number $\overline{\hspace{3cm}}$

State of Florida

v.

$\overline{\hspace{4cm}}$
Defendant

- 50 -

**CHARGES/COSTS/FEES**

The defendant is hereby ordered to pay the following sums ~~if checked~~:

  ____ ~~$50.00 pursuant to section 938.03, Florida Statutes (Crimes Compensation Trust Fund).~~

  ____ ~~$3.00 as a court cost pursuant to section 938.01, Florida Statutes (Criminal Justice Trust Fund).~~

  ____ ~~$2.00 as a court cost pursuant to section 938.15, Florida Statutes (Criminal Justice Education by Municipalities and Counties).~~

  ____ ~~A fine in the sum of $_____ pursuant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as part of a sentence to section 775.083, Florida Statutes, are to be recorded on the sentence page(s).)~~

  ____ ~~A sum of $_____ pursuant to section 938.27, Florida Statutes (Prosecution/Investigative Costs).~~

  ____ ~~A sum of $_____ pursuant to section 938.29, Florida Statutes (Public Defender/Appointed Counsel Fees).~~

  ____ ~~Restitution in accordance with attached order.~~

  ____ ~~$201 pursuant to section 938.08, Florida Statutes (Funding Programs in Domestic Violence).~~

  ____ ~~A sum of $_____ for the cost of collecting the DNA sample required by section 943.325, Florida Statutes.~~

  ____ ~~Other~~ _____

_____

[Insert list of mandatory fines, discretionary fines, and restitution, if any.]

DONE AND ORDERED in open court in _____ County, Florida, on .....(date)......

         _____
             Judge

## (d) Form for Sentencing.

Defendant _____ Case Number _____ OBTS Number _____

### SENTENCE

### (As to Count ___ )

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

(Check one if applicable)

___ and the court having on .....(date)..... deferred imposition of sentence until this date

___ and the court having previously entered a judgment in this case on ..........(date)......... now resentences the defendant

___ and the court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control

It Is The Sentence Of The Court That:

___ The defendant pay a fine of $___, pursuant to section 775.083, Florida Statutes, plus

$___ as the 5% surcharge required by section 938.04, Florida Statutes.

___ The defendant is hereby committed to the custody of the Department of Corrections.

___ The defendant is hereby committed to the custody of the Sheriff of _____ County, Florida

___ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

To Be Imprisoned (check one; unmarked sections are inapplicable):

___ For a term of natural life.

___ For a term of _____.

___ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence complete the appropriate paragraph

_____    Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

_____    However, after serving a period of _____ imprisonment in _____ the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS

### (As to Count ___ )

By appropriate notation, the following provisions apply to the sentence imposed:

Mandatory/Minimum Provisions:

Firearm

_____    It is further ordered that the 3-year minimum imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.

Drug Trafficking

_____    It is further ordered that the _____ mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

Controlled Substance Within 1,000 Feet of School

_____    It is further ordered that the 3-year minimum imprisonment provision of section 893.13(1)(c)1, Florida Statutes, is hereby imposed for the sentence specified in this count.

Habitual Felony Offender

_____    The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Habitual Violent Felony Offender

_____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of ___ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.

Law Enforcement Protection Act

_____ It is further ordered that the defendant shall serve a minimum of ___ years before release in accordance with section 775.0823, Florida Statutes. (Offenses committed before January 1, 1994.)

Capital Offense

_____ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes. (Offenses committed before October 1, 1995.)

Short-Barreled Rifle, Shotgun, Machine Gun

_____ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. (Offenses committed before January 1, 1994.)

Continuing Criminal Enterprise

_____ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. (Offenses committed before January 1, 1994.)

Taking a Law Enforcement Officer's Firearm

_____ It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0875(1), Florida Statutes, is hereby imposed for the sentence specified in this count. (Offenses committed before January 1, 1994.)

Sexual Offender/Sexual Predator Determinations:

Sexual Predator

The defendant is adjudicated a sexual predator as set forth in section 775.21, Florida Statutes.

Sexual Offender

The defendant meets the criteria for a sexual offender as set forth in section 943.0435(1)(a)1a., b., c., or d, Florida Statutes.

Age of Victim

~~The victim was _____ years of age at the time of the offense.~~

~~Age of Defendant~~

~~The defendant was _____ years of age at the time of the offense.~~

~~Relationship to Victim~~

~~The defendant is not the victim's parent or guardian.~~

~~Sexual Activity [Section 800.04(4), Florida Statutes]~~

~~The offense _____ did _____ did not involve sexual activity.~~

~~Use of Force or Coercion [Section 800.04(4), Florida Statutes]~~

~~The sexual activity described herein _____ did _____ did not involve the use of force or coercion.~~

~~Use of Force or Coercion/unclothed Genitals [Section 800.04(5), Florida Statutes]~~

~~The molestation _____ did _____ did not involve unclothed genitals or genital area.~~

~~The molestation _____ did _____ did not involve the use of force or coercion.~~

~~Other Provisions:~~

~~Criminal Gang Activity~~

~~____ The felony conviction is for an offense that was found, pursuant to section 874.04, Florida Statutes, to have been committed for the purpose of benefiting, promoting, or furthering the interests of a criminal gang.~~

[Include all findings, sentencing enhancements, and mandatory minimum provisions, as authorized by law and pronounced at sentencing.]

Retention of Jurisdiction

____ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes (1983).

Jail Credit

___ It is further ordered that the defendant shall be allowed a total of ___ days as credit for time incarcerated before imposition of this sentence.

CREDIT FOR TIME SERVED
IN RESENTENCING AFTER
VIOLATION OF PROBATION
OR COMMUNITY CONTROL

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and unforfeited gain time previously awarded on case/count _____. (Offenses committed before October 1, 1989.)

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served on case/count ___. (Offenses committed between October 1, 1989, and December 31, 1993.)

___ The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(7), Florida Statutes.

___ The Court allows unforfeited gain time previously awarded on the above case/count. (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1), Florida Statutes.)

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/count _____. (Offenses committed on or after January 1, 1994.)

Consecutive/Concurrent as to Other Counts

It is further ordered that the sentence imposed for this count shall run (check one) ___ consecutive to ___ concurrent with the sentence set forth in count ___ of this case.

Consecutive/Concurrent as to Other Convictions

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one) ___ consecutive to ___ concurrent with (check one) the following:

___ any active sentence being served.

___ specific sentences: _____

_____

_____

     In the event the above sentence is to the Department of Corrections, the Sheriff of _____ County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

     The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the state on showing of indigency.

     In imposing the above sentence, the court further recommends _____

_____

_____

     DONE AND ORDERED in open court at _____ County, Florida, on .....(date)......

_____
Judge

## (e)    **Form for Order of Probation.**

                            In the _____ Court,
of _____ County, Florida
Case Number _____

State of Florida

v.

_____
Defendant

### ORDER OF PROBATION

     This cause coming on this day to be heard before me, and you, the defendant, ____ _____, being now present before me, and you having

(check one)

___      entered a plea of guilty to

___      entered a plea of nolo contendere to

___      been found guilty by jury verdict of

___      been found guilty by the court trying the case without a jury of the offense(s) of __

_____

_____

_____

SECTION 1: Judgment Of Guilt

___      The Court hereby adjudges you to be guilty of the above offense(s).

Now, therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld and that you be placed on probation for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 2: Order Withholding Adjudication

___      Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on probation for a period of ___ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 3: Probation During Portion Of Sentence

It is hereby ordered and adjudged that you be

___      committed to the Department of Corrections

___      confined in the County Jail

for a term of _____ with credit for _____ jail time. After you have served ___ of the term you shall be placed on probation for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

___      confined in the County Jail

for a term of _____ with credit for _____ jail time, as a special condition of probation.

It is further ordered that you shall comply with the following conditions of probation during the probationary period.:

(1) ~~Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.~~

(2) ~~You will pay the State of Florida the amount of $ _____ per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.~~

(3) ~~You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.~~

(4) ~~You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer.~~

(5) ~~You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.~~

(6) ~~You will not associate with any person engaged in any criminal activity.~~

(7) ~~You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.~~

(8) ~~You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer.~~

(9) ~~You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you.~~

(10) ~~You will pay restitution, costs, and/or fees in accordance with the attached orders.~~

(11) ~~You will report in person within 72 hours of your release from confinement to the probation office in _____ County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at _____.~~

(12) ~~You shall submit to the drawing of blood or other biological specimens as required by section 943.325, Florida Statutes.~~

(13) ~~You shall submit to the taking of a digitized photograph as required by section 948.03, Florida Statutes.~~

## SPECIAL CONDITIONS

_____ ~~You must undergo a (drug/alcohol) evaluation and, if treatment is deemed necessary, you must successfully complete the treatment.~~

_____ ~~You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.~~

_____ ~~You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.~~

_____ ~~You will not associate with _____ during the period of probation.~~

_____ ~~You will not associate with other criminal gang members or associates, except as authorized by law enforcement officials, prosecutorial authorities, or the court, for the purpose of aiding in the investigation of criminal activity.~~

_____ ~~You will not contact _____ during the period of probation.~~

_____ ~~You will attend and successfully complete an approved batterers' intervention program.~~

_____ GENERAL CONDITIONS: [List the general conditions of probation pursuant to section 948.03, Florida Statutes.]

_____ SPECIAL CONDITIONS: [List the special conditions of probation as orally pronounced and authorized by law.]

_____ Other _____

_____

(Use the space below for additional conditions as necessary.)

_____ ~~You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence that it might have imposed before placing you on probation or require you to serve the balance of the sentence.~~ The court may rescind or modify at any time the terms and conditions imposed by it upon the probationer.

It is further ordered that when you have been instructed as to the conditions of probation, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)

It is further ordered that the clerk of this court file this order in the clerk's office and provide certified copies of same to the officer for use in compliance with the requirements of law.

DONE AND ORDERED, on .....(date)......

                                                _____

Judge

I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.

.....(date).....                                Probationer _____

Instructed by _____

Original:                Clerk of the Court
Certified Copies:    Probationer
                         Florida Department of Corrections, Probation and Parole Service

## (f)    Form for Community Control.

In the _____ Court,
of _____ County, Florida
Case Number _____

State of Florida

v.

_____
Defendant

### ORDER OF COMMUNITY CONTROL

This cause coming on this day to be heard before me, and you, the defendant, _____ _____, being now present before me, and you having

(check one)

___      entered a plea of guilty to

___      entered a plea of nolo contendere to

___      been found guilty by jury verdict of

___      been found guilty by the court trying the case without a jury of the offense(s) of __

_____

_____

SECTION 1: Judgment of Guilt

___      The court hereby adjudges you to be guilty of the above offense(s).

Now, therefore, it is ordered and adjudged that you be placed on community control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 2: Order Withholding Adjudication

___      Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on Community Control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 3: Community Control During Portion Of Sentence

It is hereby ordered and adjudged that you be

___      committed to the Department of Corrections

___      confined in the County Jail

for a term of _____ with credit for _____ jail time. After you have served __ of the term, you shall be placed on community control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

___      confined in the County Jail

for a term of _____ with credit for _____ jail time, as a special condition of community control.

It is further ordered that you shall comply with the following conditions of community control during the community control period~~.~~:

(1)      ~~Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.~~

(2)      ~~You will pay the State of Florida the amount of $ _____ per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.~~

(3)      ~~You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.~~

(4)      ~~You will not possess, carry, or own any firearm. You will not possess, carry, or own other weapons without first procuring the consent of your officer.~~

(5)      ~~You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your community control.~~

(6)      ~~You will not associate with any person engaged in any criminal activity.~~

(7)      ~~You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.~~

(8)      ~~You will work diligently at a lawful occupation, advise your employer of your community control status, and support any dependents to the best of your ability as directed by your officer.~~

(9)      ~~You will promptly and truthfully answer all inquiries directed to you by the court or your officer and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.~~

(10)    ~~You will report to your officer at least 4 times a week, or, if unemployed full time, daily.~~

(11)    ~~You will perform _____ hours of public service work as directed by your officer.~~

(12)    ~~You will remain confined to your approved residence except for one half hour before and after your approved employment, public service work, or any other special activities approved by your officer.~~

(13)    ~~You will pay restitution, costs, and/or fees in accordance with the attached orders.~~

(14)   ~~You will report in person within 72 hours of your release from confinement to the probation office in _____ County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at _____.~~

(15)   ~~You shall submit to the drawing of blood or other biological specimens as required by section 943.325, Florida Statutes.~~

(16)   ~~You shall submit to the taking of a digitized photograph as required by section 948.101, Florida Statutes.~~

## ~~SPECIAL CONDITIONS~~

___   ~~You must undergo a (drug/alcohol) evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.~~

___   ~~You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.~~

___   ~~You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.~~

___   ~~You will not associate with _____ during the period of community control.~~

___   ~~You will not associate with other criminal gang members or associates, except as authorized by law enforcement officials, prosecutorial authorities, or the court, for the purpose of aiding in the investigation of criminal activity.~~

___   ~~You will not contact _____ during the period of community control.~~

___   ~~You will maintain an hourly accounting of all your activities on a daily log which you will submit to your officer on request.~~

___   ~~You will participate in self-improvement programs as determined by the court or your officer.~~

___   ~~You will submit to electronic monitoring of your whereabouts as required by the Florida Department of Corrections.~~

___   ~~You will attend and successfully complete an approved batterers' intervention program.~~

___   ~~Other _____~~

(Use the space below for additional conditions as necessary.)

GENERAL CONDITIONS: [List the general conditions of community control pursuant to section 948.101, Florida Statutes.]

SPECIAL CONDITIONS: [List the special conditions of community control as orally pronounced and authorized by law.]

~~You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your community control, or may extend the period of community control as authorized by law, or may discharge you from further supervision or return you to a program of regular probation supervision. If you violate any of the conditions and sanctions of your community control, you may be arrested, and the court may adjudicate you guilty if adjudication of guilt was withheld, revoke your community control, and impose any sentence that it might have imposed before placing you on community control.~~The court may rescind or modify at any time the terms and conditions imposed by it upon the community controlee.

It is further ordered that when you have reported to your officer and have been instructed as to the conditions of community control, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. ~~(This paragraph applies only if section 1 or section 2 is checked.)~~

It is further ordered that the clerk of this court file this order in the clerk's office, and forthwith provide certified copies of same to the officer for use in compliance with the requirements of law.

DONE AND ORDERED, on .....(date)......

_____
Judge

I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.

.....(date).....                                    Community controller _____

Instructed by _____

|  | Original: | Clerk of the Court |
|  | Certified Copies: | Community Controlee |
|  |  | Florida Department of Corrections, Probation and Parole Service |

**(g)     Form for Restitution Order.**

In the Circuit Court,
_____ Judicial Circuit, in and for
_____ County, Florida
Division _____
Case Number _____

State of Florida

v.

_____
Defendant

**RESTITUTION ORDER**

By appropriate notation, the following provisions apply to the sentence imposed in this section:

____     Restitution is not ordered as it is not applicable.

____     Restitution is not ordered due to the financial resources of the defendant.

____     Restitution is not ordered due to _____.

____     Due to the financial resources of the defendant, restitution of a portion of the damages is ordered as prescribed below.

____     Restitution is ordered as prescribed below.

____     Restitution is ordered for the following victim. (Victim refers to the aggrieved party, aggrieved party's estate, or aggrieved party's next of kin if the aggrieved party is deceased as a result of the offense. In lieu of the victim's address, the address and phone number of the prosecuting attorney, victim's attorney, or victim advocate may be used.)

_____                 _____
Name of victim                                                Name of attorney or advocate if applicable

Address _____
City, State, and Zip Code _____
Phone Number (of prosecuting attorney, victim's attorney, or victim advocate) _____
_____

~~The sum of $\_\_\_ for medical and related services and devices relating to physical, psychiatric, and psychological care, including non-medical care and treatment rendered in accordance with a recognized method of healing.~~

~~The sum of $\_\_\_ for necessary physical and occupational therapy and rehabilitation.~~

~~The sum of $\_\_\_ to reimburse the victim for income lost as a result of the offense.~~

~~The sum of $\_\_\_ for necessary funeral and related services if the offense resulted in bodily injury resulting in the death of the victim.~~

~~The sum of $\_\_\_ for damages resulting from the offense.~~

~~The sum of $\_\_\_ for _____~~

~~It is further ordered that the defendant fulfill restitution obligations in the following manner:~~

~~Total monetary restitution is determined to be $\_\_\_ to be paid at a rate of $\_\_\_ per (check one) \_\_\_ month \_\_\_ week \_\_\_ other (specify) _____ and is to be paid (check one) \_\_\_\_\_ through the clerk of the circuit court, \_\_\_ to the victim's designee, or \_\_\_ through the Department of Corrections, with an additional 4% fee of $\_\_\_ for handling, processing, and forwarding the restitution to the victim(s).~~

~~For which sum let execution issue.~~

[Include all restitution and findings, as authorized by law and pronounced at sentencing.]

DONE AND ORDERED at \_\_\_\_\_ County, Florida, on .....(date)......


_____
Judge
Original: Clerk of the Court
Certified Copy: Victim


**Committee Note**

[No Changes]

# RULE 3.9876.    MOTION FOR CORRECTION OF SENTENCE

MOTION FOR CORRECTION OF ILLEGAL SENTENCE, INCORRECT SENTENCING SCORESHEET, OR ERRONEOUS SEXUAL PREDATOR DESIGNATION
FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a)

INSTRUCTIONS FOR FILING MOTION FOR CORRECTION OF SENTENCE
PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a)
READ CAREFULLY

1.      The attached motion is to be used to request a correction of illegal sentence, incorrect calculation in a sentencing scoresheet, or erroneous sexual predator designation. This form should not be used for motions for correction of jail credit (*see* Fla. R. Crim. P. 3.801).

2.      No successive motion for correction of incorrect calculation in a sentencing scoresheet or the correction of erroneous sexual predator designation will be considered. If a motion fails to allege new or different grounds for relief, and the prior determination was on the merits, the motion may be dismissed.

3.      The court records must demonstrate, on their face, that you are entitled to a correction of sentence or that a sexual predator designation is erroneous. The records that demonstrate that a sentence is illegal, that there is an incorrect calculation in a sentencing scoresheet, or that a sexual predator designation is erroneous, should be attached to this motion.

4.      You must complete the attached motion by filling in the blank spaces.

5.      You must tell the truth and sign the attached motion. If you make a false statement of a material fact in your motion, you may be prosecuted for perjury. You must declare that you have read the motion for relief, or had the motion read to you, that you understand its contents, and that all of the facts contained in the motion are true and correct. If you do not answer YES to question 5, your motion will be rejected as incomplete.

6.      You must file the attached motion in the court that imposed the sentence.

7.      You are not required to pay a filing fee to file the attached motion.

In the Circuit Court of the
_____ Judicial Circuit
in and for _____
County, Florida

State of Florida _____      )
_____       )

_____ v. _____ )
_____ )
_____ )
(your name)                        )
_____ )
_____ )

## MOTION FOR CORRECTION OF ILLEGAL SENTENCE, INCORRECT SENTENCING SCORESHEET, OR ERRONEOUS SEXUAL PREDATOR DESIGNATION

_____ (hereinafter "Defendant"), in pro se fashion, respectfully moves this Honorable Court for correction of:

_____ illegal sentence; and/or

_____ incorrect calculation in a sentencing scoresheet; and/or

_____ erroneous sexual predator designation

pursuant to Florida Rule of Criminal Procedure 3.800(a). In support of the motion, the defendant states the following in a question-and-answer format:

1.      What are the FACT(S) that entitle you to correction of sentence?_____

_____

_____

_____

2.      Where in the court's record is it demonstrated that you are entitled to correction of sentence, correction of incorrect calculation in a sentencing scoresheet, or the correction of erroneous sexual predator designation? _____

3.      Is this the first motion you have filed requesting this correction of sentence or removal of an erroneous sexual predator designation?_____

If you answered NO, how many prior motions have you filed? What was the claim in each motion?_____

As to EACH motion, what was the result?_____

_____

4.     What is the correct sentence or designation that you are requesting in this motion?

_____

_____

_____

5.     Under penalties of perjury and administrative sanctions from the Department of Corrections, including forfeiture of gain time if this motion is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing motion, that the facts contained in the motion are true and correct, and that I have a reasonable belief that the motion is timely filed. I certify that this motion does not duplicate previous motions that have been disposed of by the court. I further certify that I understand English and have read the foregoing motion or had the motion read to me, or the foregoing motion was translated completely into a language which I understand and read to me by .....(name)....., whose address is .....(address)....., and whose certification of an accurate and complete translation is attached to this motion.

/s/ _____
Name _____
DC# _____

### Certification of Mailing
(Must use Certification of Mailing OR Certificate of Service)

I certify that I placed this document in the hands of .....(here insert name of institution official)..... for mailing to .....(here insert name or names and address(es) used for service)..... on .....(date)......

/s/ _____
Name _____
Address _____
DC# _____

### Certificate of Service
(Must use Certification of Mailing OR Certificate of Service)

I certify that the foregoing document has been furnished to (here insert name or names, address(es) used for service and mailing address(es)) by (e-mail) (delivery) (mail) (fax) on .....(date)......

/s/_____
Attorney

Certification of an Accurate and Complete Translation
(To be used if translation of the motion was necessary.)

I certify that a complete and accurate translation of this motion was provided to the Defendant in this case on .....(date)......

/s/_____
Name_____
Address_____
DC#_____

**RULE 3.989.       AFFIDAVIT,; PETITION,; AND ORDER TO EXPUNGE OR SEAL FORMS**

**(a)       Affidavit in Support of Petition.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                    )
                                     )
      Plaintiff,                     )
                                     )
v.                                   )
                                     )
_____,   )
                                     )
      Defendant/Petitioner           )
_____      )

AFFIDAVIT

State of Florida

County of _____

I, .....(name of defendant/petitioner)....., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:

1.      I fully understand the meaning of all of the terms of this affidavit.

2.      I have never been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

3.      I was arrested on .....(date)....., by .....(arresting agency)....., and I have not been adjudicated guilty of, nor adjudicated delinquent for committing, any of the acts stemming from that arrest or the alleged criminal activity surrounding my arrest.

4.      I am eligible for the relief requested, to the best of my knowledge and belief, and do not have any other petition to expunge or seal pending before any court.

5.      I have never secured a prior records expunction or sealing ~~under any law~~ under section 943.0585 or 943.059, Florida Statutes, or under former section 893.14, 901.33, or 943.058, Florida Statutes, or the record is otherwise eligible for expunction because it has been sealed for at least 10 years.

6.      (For use in expunction petitions only.) My record of arrest for this date has been sealed for at least 10 years; or an indictment, information, or other charging document was not filed against me for the above criminal transaction; or an indictment, information, or other charging document filed against me was dismissed by the prosecutor or the court.

_____
Petitioner

Sworn to and subscribed before me on .....(date)......

_____
NOTARY PUBLIC, or other person
authorized to administer an oath

Printed, typed, or stamped
commissioned name of Notary Public

Personally known .......... or produced identification ...........

Type of identification produced ....................

My commission expires:

**(b)** **Order to Expunge.**

<table>
<tr><td></td><td>In the Circuit Court of the<br>_____ Judicial Circuit,<br>in and for _____<br>County, Florida<br><br>Case No.: _____<br>Division _____</td></tr>
</table>

State of Florida,              )

                      )

    Plaintiff,         )

                      )

v.                    )

                      )

_____,  )

                      )

    Defendant/Petitioner    )

_____    )

ORDER TO EXPUNGE UNDER
SECTION 943.0585, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692

THIS CAUSE having come on to be heard before me this date on a petition to expunge certain records of the petitioner's arrest on .....(date)....., by .....(arresting agency)....., for .....(charges)....., and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:

1.      The petitioner has never previously been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

2.      The petitioner was not adjudicated guilty of nor adjudicated delinquent for committing any of the acts stemming from the arrest or criminal activity to which this expunction petition pertains.

3.      The petitioner has not secured a prior records expunction or sealing under section 943.0585 or 943.059, Florida Statutes, or under former section 893.14, 901.33, or 943.058,

<u>Florida Statutes, or the record is otherwise eligible for expunction because it has been sealed for at least 10 years</u>.

4.      This record has either been sealed for at least 10 years; or no indictment, information, or other charging document was ever filed in this case against the petitioner; or an indictment, information, or other charging document filed against the defendant was dismissed by the prosecutor or the court.

5.      A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the petition for expunction of nonjudicial criminal history records. Whereupon it is

ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide prosecutor, .....(arresting agency)....., and the Sheriff of .......... County, who will comply with the procedures set forth in section 943.0585, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall expunge all information concerning indicia of arrest or criminal history record information regarding the arrest or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.0585, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the ...........

DONE AND ORDERED in Chambers at .......... County, Florida, on .....(date)......

_____
Circuit Court Judge

**(c)    Order to Seal.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,         )
                           )
    Plaintiff,        )
                           )
v.                          )
                           )
_____,  )
                           )
    Defendant/Petitioner   )
_____  )

ORDER TO SEAL RECORDS UNDER SECTION 943.059,
FLORIDA STATUTES, AND FLORIDA RULE OF
CRIMINAL PROCEDURE 3.692

THIS CAUSE having come on to be heard before me this date on petitioner's petition to seal records concerning the petitioner's arrest on .....(date)....., by the .....(arresting agency)....., and the court having heard argument of counsel and being otherwise advised in the premises, the court hereby finds:

1.    The petitioner has never been previously adjudicated guilty of a criminal offense or comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

2.    The petitioner was not adjudicated guilty of nor adjudicated delinquent for committing any of the acts stemming from the arrest or criminal activity to which the instant petition pertains.

3.    The petitioner has not secured a prior records expunction or sealing under section 943.0585 or 943.059, Florida Statutes, or under former section 893.14, 901.33, or 943.058, Florida Statutes.

4.    A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the instant petition for sealing nonjudicial criminal history records. Whereupon it is

- 75 -

ORDERED AND ADJUDGED that the petition to seal records is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide prosecutor, ..... .....(arresting agency)....., and the ..... Sheriff of .......... County, who will comply with the procedures set forth in section 943.059, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall seal all information concerning indicia of arrest or criminal history record information regarding the arrest or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.059, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the ...........

DONE AND ORDERED in Chambers at .......... County, Florida, on .....(date)......

_____
Circuit Court Judge

## (d)  Petition to Expunge or Seal.

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                          )
                                           )
   Plaintiff,                          )
                                           )
v.                                         )
                                           )
_____,     )

|                          | )  |
|--------------------------|----|
| Defendant/Petitioner     | )  |
|                          | )  |

PETITION TO EXPUNGE OR SEAL

The petitioner, .........., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.692 and section ..... 943.0585, or ..... section 943.059, Florida Statutes, to .....expunge/seal..... all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest on .....(date)....., by .....(arresting agency)....., for .....(charges)....., and as grounds therefor shows:

1.      On .....(date)....., the petitioner, .........., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)......

2.      The petitioner has not been adjudicated guilty of nor adjudicated guilty of committing any of the acts stemming from this arrest or alleged criminal activity.

3.      The petitioner has not been previously adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

4.      The petitioner has not secured a prior records expunction or sealing under section 943.0585, or 943.059, Florida Statutes, or under former section 943.058, Florida Statutes, former section 893.14, Florida Statutes, or former section 901.33, Florida Statutes, or any other law, rule, or authority.

5.      (To be used only when requesting expunction.) The petitioner's record has been sealed under section 943.059, Florida Statutes, or under former section 943.058, Florida Statues, former section 893.14, Florida Statutes, or former section 901.33, Florida Statutes, for at least 10 years; or there has not been an indictment, information, or other charging document filed against the petitioner who is the subject of this criminal history record information; or an indictment, information, or other charging document filed against the petitioner who is the subject of this criminal history information was dismissed by the prosecutor or the court.

6.      A Certificate of Eligibility for .....expunction/sealing..... of nonjudicial criminal history records issued by the Florida Department of Law Enforcement accompanies this petition.

WHEREFORE, the petitioner moves to .....expunge/seal..... any criminal history record information and any official court records regarding his/her arrest by .....(arresting agency)....., for .....(charges)....., on .....(date)......

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the .......... Judicial Circuit, in and for .......... County, ..... Special Prosecutor, ..... Statewide Prosecutor); .....(arresting agency).....; .......... (Sheriff of county in which defendant was arrested, if different); and the Florida Department of Law Enforcement, on .....(date)......

Name: _____

Address:

City/State:

Telephone Number:

E-mail Address:

Fla. Bar No.:

## (e) Petition to Expunge; Human Trafficking Victim.

In the Circuit Court of the

_____ Judicial Circuit,

in and for _____

County, Florida

Case No.: _____

Division _____

State of Florida,     )
           )
 Plaintiff,      )
           )
v.           )
           )
_____, )
           )
 Defendant/Petitioner  )
_____  )

PETITION TO EXPUNGE/HUMAN TRAFFICKING VICTIM

The petitioner, .........., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.692 and section 943.0583, Florida Statutes, to expunge all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest and/or conviction on

.....(date(s))....., by .....(arresting agency and/or prosecuting authority)....., for .....(charges and/or offenses)....., and as grounds therefor shows:

    1.    On .....(date(s))....., the petitioner, .........., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)..... or was convicted by .....(name of prosecuting authority)..... of .....(offenses)......

    2.    The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed, or is reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which he/she was the victim or at the direction of an operator of the scheme as evidenced by the attached official documentation of his/her status, or may be shown by clear and convincing evidence presented to the Court.

    WHEREFORE, the petitioner moves to expunge any criminal history record information and any official court records regarding his/her arrest and/or conviction by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., on .....(date(s))......

    I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the .......... Judicial Circuit, in and for .......... County, ..... Special Prosecutor, ..... Statewide Prosecutor; .....(arresting agency).....; .......... (Sheriff of county in which defendant was arrested, if different); and the Florida Department of Law Enforcement, on .....(date)......

 

| |
|---|
| Name: |
| Address: |
| City/State: |
| Telephone Number: |
| E-mail Address: |
| Fla. Bar No.: |

Personally known .......... or produced identification ............

Type of identification produced ...........

My commission expires:


## (f)    Affidavit in Support of Petition; Human Trafficking Victim.

In the Circuit Court of the
       Judicial Circuit,
in and for               
County, Florida

Case No.:             
Division             

State of Florida,        )
                   )
     Plaintiff,         )
                   )
v.                     )
                   )
                  ,   )
                   )
     Defendant/Petitioner.     )
                   )

### AFFIDAVIT/HUMAN TRAFFICKING VICTIM

State of Florida

County of          

     I, .....(name of defendant/petitioner)....., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:

1.     I fully understand the meaning of all of the terms of this affidavit.

2.     I have been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and have committed, or was reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which I was the victim or at the direction of an operator of the scheme.

3.     I was arrested and/or convicted on .....(date(s))....., by .....(arresting agency and/or name of prosecuting authority)......

4.     I am eligible for the relief requested, to the best of my knowledge and belief, and .....(do or do not)..... have any other petition to expunge or seal pending before any court.

                                          
                                   Petitioner

Sworn to and subscribed before me on .....(date)......

_____

NOTARY PUBLIC, or other person
authorized to administer an oath

Printed, typed, or stamped
commissioned name of Notary Public

Personally known .......... or produced identification ...........

Type of identification produced ............

My commission expires:

**(g)    Order to Expunge; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                    )
                                     )
   Plaintiff,                       )
                                     )
v.                                   )
                                     )
_____,             )
                                     )
   Defendant/Petitioner             )
_____              )

ORDER TO EXPUNGE, HUMAN TRAFFICKING VICTIM,
UNDER SECTION 943.0583, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692

THIS CAUSE, having come on to be heard before me this date upon a petition to expunge certain records of the petitioner's arrest and/or conviction on .....(date(s)))....., by .....(arresting agency and/or name of prosecuting authority))....., for .....(charges and/or

offenses)....., and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:

The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed, or is reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which he/she was the victim, or at the direction of an operator of the scheme. A conviction expunged under this section is deemed to have been vacated due to a substantive defect in the underlying criminal proceedings.

**Whereupon it is**

ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide prosecutor, ..... .....(arresting agency)....., and the Sheriff of .......... County, who will comply with the procedures set forth in section 943.0583, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall expunge all information concerning indicia of arrest, conviction, or criminal history record information regarding the arrest, conviction, or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.0583, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the ...........

DONE AND ORDERED in Chambers at .......... County, Florida, on .....(date)......

_____
Circuit Court Judge

# Committee Notes

[No Changes]